UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCISCO SALGADO ROJAS,

        Petitioner,

   v.

JASON BENNETT,

        Respondent.

CASE NO. 3:24-cv-05281-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: May 3, 2024

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Francisco Salgado Rojas, proceeding *pro se*, has filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1) and a proposed § 2254 habeas petition (Dkt. 1-1).[1] Upon review of his proposed petition, it plainly appears Petitioner is not entitled to habeas relief. Accordingly, the undersigned declines to order service upon Respondent, recommends the proposed petition (Dkt. 1-1) be dismissed under Rule 4 of the Rules Governing

---

[1] Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a state court judgment of conviction. Dkt. 1-1; *State of Washington v. Rojas*, Superior Court of Clark County Cause No. 07-1-01498-5 (judgment entered May 21, 2008). As such, 28 U.S.C. § 2254 is the appropriate vehicle for challenging his confinement.

REPORT AND RECOMMENDATION - 1

§ 2254 cases ("Habeas Rules"), and further recommends the IFP motion (Dkt. 1) and all proposed motions (Dkts. 1-5, 1-10, 1-12, 1-13) be denied as moot.

## I. BACKGROUND

Petitioner is currently in custody at Stafford Creek Corrections Center, where he is serving a sentence arising out of his jury conviction for attempted murder in the first degree. Dkt. 1-1 at 1; *State of Washington v. Rojas*, Superior Court of Clark County Cause No. 07-1-01498-5 (judgment entered May 21, 2008).[2]

On August 29, 2013, Petitioner petitioned this Court for federal habeas relief on the same state-court conviction. *Rojas v. Glebe*, No. 13-cv-5750-BHS, 2014 WL 99181 (W.D. Wash. Jan. 9, 2014). The procedural background for Petitioner's state-court conviction, his federal habeas petition, and the decision to dismiss the federal habeas petition as time-barred were outlined in this Court's Order adopting the United State Magistrate Judge's recommendation of dismissal:

### *BASIS FOR CUSTODY*

A Clark County jury convicted petitioner of one count of attempted murder in the first degree. The Clark County Superior Court sentenced petitioner to two hundred and seventy months incarceration. The facts underlying petitioner's conviction are not germane to the time-bar issue and need not be set forth. Respondent has summarized the facts as set forth by the Washington State Court of Appeals.

### *PROCEDURAL HISTORY*

Petitioner filed a direct appeal and he provided the Washington Court of Appeals with a Statement of Additional Grounds. On November 9, 2009, the Washington State Court of Appeals affirmed the conviction and sentence. On January 27, 2010 petitioner filed a motion for discretionary review with the Washington State Supreme Court. The Washington State Supreme Court denied review on June 2, 2010. Petitioner had ninety-days—until August 31, 2010—to file

---

[2] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 2

> a Writ of Certiorari with the United States Supreme Court. Petitioner did not file anything during the ninety day time frame. Petitioner's judgment and sentence became final for purposes of § 2244(d) when the time for filing a Writ of Certiorari expired.
>
> The statute of limitation found in 28 U.S.C. § 2244(d) ran from September 1, 2010 until March 16, 2011 when petitioner filed a personal restraint petition with the Washington State Court of Appeals. One hundred and eighty-seven days of petitioner's year to file a federal habeas corpus petition had elapsed and one hundred and seventy-eight days remained. The one-year time frame began to run again on October 31, 2012—the day after the Washington State Supreme Court denied petitioner's motion for discretionary review. The statute ran uninterrupted until April 26, 2013, when petitioner's time for filing a federal habeas corpus petition expired. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his federal habeas corpus petition August 29, 2013 and petitioner is four months late.

*Rojas*, 2014 WL 99181, at *1–2 (internal citations omitted); *see also State v. Rojas*, 152 Wash. App. 1066, 2009 WL 3723000 (2009) (denial of direct appeal); *State v. Rojas*, 168 Wash. 2d 1040, 233 P.3d 888 (2010) (denial of discretionary review). After determining the petition was untimely filed, the Court found no extraordinary circumstances warranted application of equitable tolling principles. *Rojas*, 2014 WL 99181, at *3–4. Accordingly, the Court dismissed Petitioner's 2013 petition with prejudice. *Id.* at *4.

More than a decade after his prior petition was denied, Petitioner filed the instant federal habeas action. The Court now screens his proposed petition (Dkt. 1-1) to determine whether ordering service upon Respondent is appropriate.

## II.  LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

REPORT AND RECOMMENDATION - 3

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Finally, Rule 9 of the Habeas Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Failure to do so deprives the district court of jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). Dismissal of a first petition with prejudice because of a procedural default that forecloses review by federal courts is an adjudication on the merits. *McNabb*, 576 F.3d at 1029. Where, as here, the first habeas petition was dismissed as untimely,

REPORT AND RECOMMENDATION - 4

the prior dismissal constitutes resolution on the merits and serves as a permanent bar to successive petitions. *Id*. at 1030. However, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029; *see also* 28 U.S.C. § 2244 (claims are successive and barred unless the petitioner shows the claim "relies on a new rule of constitutional law" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.").

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of an such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it can consider a potentially successive petition, the Court asks three questions: (1) was the prior petition adjudicated on the merits? (2) could the habeas claims raised in the new petition have also been raised in the prior petition? and (3) did the petitioner obtain permission to file the new petition? If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"—Petitioner's prior petition was dismissed as time-barred, which constitutes an adjudication on the merits. *McNabb*, 576 F.3d at 1030.

REPORT AND RECOMMENDATION - 5

Thus, the Court proceeds to the second question: could the habeas claims brought in the proposed petition have also been raised in the prior petition? The answer to that question is also "yes."

The sole ground for habeas relief raised in the proposed petition is Petitioner's contention he was arrested without a valid warrant in violation of his Fourth Amendment rights. Dkt. 1-1 at 6. As an initial matter, a review of the docket for Petitioner's Clark County criminal case reflects that an affidavit/declaration of probable cause was filed on August 28, 2007, which is the same day Petitioner entered his preliminary appearance in that matter. *See State of Washington v. Rojas*, Superior Court of Clark County Cause No. 07-1-01498-5 (case filed August 31, 2007), *docket available at* https://odysseyportal.courts.wa.gov/ (last accessed April 17, 2024). Yet, even assuming Petitioner's contention about his warrantless arrest is true, there is no evidence or indication he was unaware or could not have reasonably discovered he was arrested without a valid warrant in violation of the Fourth Amendment at the time he filed his prior petition. *See Griffin v. Kirkpatrick*, No. 108CV00886LJVMJR, 2022 WL 2758003, at *5 (W.D.N.Y. Mar. 25, 2022), *report and recommendation adopted*, No. 08-CV-886-LJV-MJR, 2022 WL 2207178 (W.D.N.Y. June 21, 2022) (noting Circuit Court denied leave to file successive petition where there was no indication factual predicate of Fourth Amendment claim was unknown or previously undiscoverable); *Younger v. Snyder*, No. 94-CV-687-SLR, 1995 WL 761771, at *5 (D. Del. Dec. 7, 1995) (dismissing Fourth Amendment claim as successive where there was no indication it could not have been brought in prior petition). Thus, Petitioner's warrantless seizure claim could have been raised in his prior petition, which renders the proposed petition successive.[3]

---

[3] Even if Petitioner's Fourth Amendment claim were not successive, there is an additional barrier to obtaining federal habeas relief on that claim. In *Stone v. Powell*, the Supreme Court held that a federal habeas

REPORT AND RECOMMENDATION - 6

1    Therefore, the Court proceeds to the third and final question: did Petitioner obtain
2    permission before filing the proposed petition? The answer is "no," there is no evidence or
3    allegation Petitioner obtained permission from the Circuit Court before filing his proposed
4    petition. Petitioner has framed his petition as one filed pursuant to 28 U.S.C. § 2241. Dkt. 1-1;
5    *see also* Dkt. 1-4 at 3 (arguing his petition is properly brought under 28 U.S.C. § 2241). As
6    stated above, Petitioner is in custody pursuant to a state court judgment, so the proper
7    mechanism for challenging his confinement is 28 U.S.C. § 2254. As result, Petitioner's framing
8    of his proposed petition under 28 U.S.C. § 2241 does not eliminate the need for him to obtain
9    permission from the Circuit Court before filing a successive petition petition.[4]

10   Accordingly, Petitioner's failure to obtain leave before filing his proposed petition
11   necessitates dismissal for lack of jurisdiction.

### IV. CERTIFICATE OF APPEALABILITY

13   A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
14   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
15   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability
16   may issue . . . only if the [petitioner] has made a substantial showing of the denial of a
17   constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

---

petitioner may not challenge their state conviction on Fourth Amendment grounds if they have already had a full and fair opportunity to litigate those claims in state court, 428 U.S. 465, 494 (1976). This rule significantly limits the scope of federal habeas review where, as here, a petitioner raises claims involving an unconstitutional search or seizure.

[4] The Court also notes, even if § 2241 were the proper mechanism for challenging Petitioner's confinement, the proposed petition would likely be barred by the abuse of writ doctrine. "The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quotations and citations omitted). Under the abuse of writ doctrine, claims brought in a "successive petition" are barred "unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

REPORT AND RECOMMENDATION - 7

that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the proposed petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to his proposed petition.

## V.   CONCLUSION

For the reasons outlined above, it plainly appears from the proposed petition Petitioner is not entitled to habeas relief as the Court lacks jurisdiction over this action. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the proposed petition and, instead, recommends the petition (Dkt. 1-1) be dismissed without prejudice, a certificate of appealability not be issued, and the IFP motion (Dkt. 1) and all proposed motions (Dkts. 1-5, 1-10, 1-12, 1-13) be denied as moot.

As explained above, if Petitioner wishes to file a second or successive petition in this Court, he must first obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

1 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
2 | imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May
3 | 3, 2024, as noted in the caption.

4 |     Dated this 18th day of April, 2024.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9