UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCISCO SALDAGO ROJAS,

              Petitioner,

   v.

JASON BENNETT,

             Respondent.

CASE NO. 3:24-cv-05281-BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David Christel's Report and Recommendation (R&R), Dkt. 4, recommending that the Court deny pro se petitioner Francisco Rojas's 28 U.S.C. § 2254 habeas corpus petition, Dkt. 1-1, as an unauthorized second or successive petition, deny his request for a § 2253(c) Certificate of Appealability, and dismiss the case.

The R&R explains that Rojas was convicted and sentenced in 2008. Dkt. 4 at 2. Rojas already filed a prior habeas petitions related to that conviction. *Id.* (citing *Rojas v. Glebe*, No. 13-cv-5750-BHS, 2014 WL 99181 (W.D. Wash. Jan. 9, 2014)). The R&R concludes that this Court does not have subject matter jurisdiction over Rojas's second or

ORDER - 1

successive habeas petition because he has not obtained permission to file such a petition from Ninth Circuit. *Id*. at 5 (citing 28 U.S.C. 2244(b)(3)(A)).

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections, in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). A district court is not obligated to "expressly address" every objection. *Id.* at 437.

Rojas has objected to the R&R and its conclusions and recommendations. Dkt. 5. But he has not demonstrated (as he must) that the R&R's legal conclusions are clearly erroneous or contrary to law. Rule 72(a).

Instead, Rojas complains the R&R failed to address his "request for certification" and his "affidavit," and failed to take judicial notice. Dkt. 5 at 1–2. He complains the

R&R failed to order the respondent to produce a copy of his arrest warrant and failed to order an evidentiary hearing. *Id*. at 2. Rojas does not address the Court's jurisdiction over his second or second habeas petition. His objections are improper and ineffective.

The R&R is **ADOPTED**. Rojas's §2254 petition is **DENIED** as an unauthorized second or successive petition. The Court will **NOT** issue a Certificate of Appealability for the reasons articulated in the R&R.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 23rd day of May, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3